IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

YOLANDA RAMOS-MORALES,

    Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CIVIL NO. 11-2082 (CVR)

**OPINION AND ORDER**

    The record shows the Commissioner of Social Security (hereafter "Commissioner") requested this case be remanded to update the treatment record, obtain medical evidence from a medical expert to clarify issues and further consider plaintiff's functional capacity upon recognizing the administrative decision did not contain the required analysis as to some of the medical opinions of record and there was conflicting evidence which needed to be assessed.

    On February 28 and 28, 2013, an Opinion and Order and subsequent judgment were issued, respectively, remanding the case for further administrative action. (Docket Nos. 29 and 30).

    On March 21, 2013, plaintiff Yolanda Ramos-Morales (hereafter plaintiff "Ramos-Morales") filed a Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act (hereafter "EAJA"). (Docket No. 31). Plaintiff Ramos-Morales, through her attorney Salvador Medina de la Cruz, has shown having spent 21.27 hours representing plaintiff before this Court, that should be compensated at market rate instead of the EAJA rate that is capped at $125.00, plus costs of living applicable for the corresponding date. As such,

counsel Medina De La Cruz requested payment at the rate of $160.22, including the increase of cost of living calculated at the billing rate for the year 2006, for a total of $3,407.87. (Docket No. 31, p. 6).

On May 8, 2013, the Commissioner submitted his Memorandum in Opposition, upon having been granted an extension of time. (Docket No. 36). The Commissioner's opposition is limited only to fees in the amount of $160.22 being reduced for the sixty (60) minutes which were charged by the medical advisor's travel time in meeting at counsel Medina De La Cruz' offices to discuss the medical evidence in the case. The Commissioner avers said amount should not be compensated insofar as said medical expert is not a witness but a medical advisor's travel time (not counsel's travel time) to meet with him, and are not expressly covered under the EAJA. (Docket No. 36, p. 2). The Commissioner presented no other objection to plaintiff's petition for attorney's fees.

A review of the itemized invoice submitted shows that in fact it was Dr. Jorge Pérez the one who traveled to meet with counsel Medina De La Cruz at his law offices and, as such, need not be compensated.

The standard applied in determining prevailing party status for purposes of awarding attorneys' fees under Civil Rights Attorney's Fees Awards Act is also applied in awarding fees under Equal Access to Justice Act. *See* McDonald v. Secretary of Health & Human Servs., 884 F.2d 1468 (1st Cir. 1989). Once a claimant has established "prevailing party" status, the government can defeat a fee award only by demonstrating that its position was

Yolanda Ramos-Morales v. Commissioner of Soc. Security
Civil No. 11-2082 (CVR)
Opinion and Order
Page No. 3

---

"substantially justified" or that "special circumstances" make an award unjust. *See* Commissioner, I.N.S. v. Jean, 496 U.S. 154, 110 S.Ct. 2316, 2319 (1990).[1]

Counsel for plaintiff has itemized the various fees corresponding to the work performed and the petition for fees. After a perusal of the documentation and the record provided by counsel, this Magistrate Judge opines the number of hours requested by counsel and the rate are reasonable, except for the amount of $160.22 discussed above which should be reduced. This decision is further advanced upon considering counsel Medina De La Cruz' skills in the handling of these type of cases so as to render legal services related to Social Security disability claims, as well as the amount of time he has invested to acquire such skills, the knowledge he has acquired by an extended private practice in this field, the acquisition of specialized medical library and the award of attorney's fees in similar cases.

As such, this court GRANTS plaintiff's Motion for Attorney's Fees for a total of $3,247.65. (Docket No. 31).

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 8th day of May of 2013.

                                                S/CAMILLE L. VELEZ-RIVE
                                                CAMILLE L. VELEZ RIVE
                                                UNITED STATES MAGISTRATE JUDGE

---

[1] Trinidad v. Secretary of Health & Human Servs., 935 F.2d 13 (1st Cir. 1991) (abuse of discretion in denying a fee application when the government has not contested prevailing status, establish its position was substantially justified nor objected to the fee request).